UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARTIN LEIB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-396 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the Plaintiff's Motion For Summary Judgment and Memorandum in Support [Docs. 13 and 14] and the Defendant's Motion For Summary Judgment and Memorandum in Support [Docs. 23 and 24]. Plaintiff also filed a Reply Memorandum [Doc. 25]. Plaintiff Martin Leib seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The Plaintiff filed an application for disability insurance benefits and supplemental security income, claiming he became disabled on October 18, 2006 (Tr. 14, 111-113). After his application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On September 2, 2009, a hearing was held before an ALJ to review determination of Plaintiff's claim (Tr. 29-47). On December 9, 2009, the ALJ found that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final

decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since October 18, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease and major depressive disorder (20 CFR 404.1520(c) and 416.920(c).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can only occasionally climb, balance, stoop, crouch, kneel or crawl. In addition, he can understand and remember for simple and low-level detailed tasks and can sustain adequate persistence and pace for the above tasks. He may experience some but not substantial difficulty dealing with the general public, co-workers and supervisors and can, with some difficulty adapt and respond to changes in the routine work setting. He can make and set simple work-related plans and goals independently but may have difficulty with more complex decision making.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.15.65 and 416.965).

> 7. The claimant was born on June 17, 1970 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communication in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework support s finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 85-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from October 18, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 14-22).

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his

physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. ANALYSIS AND BASIS FOR ORDERING A HEARING

The Plaintiff claims disability based on chronic low back pain and major depression. The Plaintiff's position is that the ALJ failed to properly evaluate the opinions of the Plaintiff's treating physicians, Dr. Trent Cross, an internist, Dr. Stephen Natelson, a neurosurgeon, and Dr. John

Robertson, a psychiatrist. The Plaintiff argues that the ALJ failed to give good reasons for not giving controlling weight to the findings and opinions of these doctors.

The Commissioner argues that the ALJ was not required to "give good reasons" for not giving weight to the opinions of Plaintiff's treating physicians, because said physicians did not actually render "medical opinions", only treatment notes and other records. In making this argument, the Commissioner analogizes "medical opinions"with "medical reports", the (suggested) components of which are set forth in 20 C.F.R. § 404.1513(b). The Commissioner asserts that the medical opinions in this case don't meet the definition of "medical reports", because they contain no specific limitations on what the Plaintiff "was able to do." Therefore, the Commissioner argues, the ALJ had no duty to "adopt or otherwise discuss" them, and thus, any failure by the ALJ to do so can not constitute a lack of substantial evidence to support the ALJ's disability determination [Doc. 24, p. 14-16].

The ALJ, however, made no such finding, or statement, about the lack of necessity to discuss medical opinions from the Plaintiff's treating physicians during his analysis of the medical record. Specifically, the ALJ's Decision says absolutely nothing about the lack of "medical reports" from the plaintiff's treating physicians as a basis for disregarding them. To the contrary, on the issue of depression, the ALJ appears to have relied upon, and given great weight to, treatment notes: "Most persuasive is the notation in the treating records from Mountain People's Health council that the claimant's pain and anxiety are well controlled by medication" (Tr. 20). And the ALJ said, "Dr. Robertson noted that the claimant had continuing improvement in his psychiatric symptoms" (Tr. 20). On the issue of back pain, the ALJ said, "Treatment notes from Dr. Stephen Natelson, the

claimant's treating physician, reveal that the doctor is pleased with the outcome [of the back surgery] and certain that the claimant will continue to improve (Tr. 19).

The Commissioner's argument that medical records of the Plaintiff's treating physicians are not "medical reports," and thus may be ignored by the ALJ, is unique in this Court's experience. Indeed, in this Court's experience, the Commissioner often argues that the ALJ's discussion of (or at least reference to) all parts of the medical record, including treatment notes, does satisfy the requirement to give good reasons for rejecting, or giving little weight to, the opinions of the treating physician.

Given that, and in fairness to the parties, the Court believes the best course is to schedule oral argument on this matter and to give the parties an opportunity to address for the Court the issue of the proper interpretation of and weight to be afforded to the treatment notes, prognoses, and diagnosis in the medical record, as raised by the Commissioner on this appeal.

## V. CONCLUSION

Therefore, it is hereby **ORDERED** that oral argument be scheduled on the pending Motions For Summary Judgment [Docs. 13 and 23].

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge